PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of claimant’s vehicle going into a manhole depression while traveling northbound on County Route 52/61 (Railroad Avenue) in the City of Wayne in Wayne County. County Route 52/61 (Railroad Avenue) is a road maintained by respondent. The Court is of the opinion to make an award to the claimant for the reasons more fully stated below.
The incident giving rise to this claim occurred on September 5, 1998, at approximately 1:30 p.m. The weather was clear. Claimant was traveling northbound on County Route 52/61 (Railroad Avenue) in the City of Wayne, Wayne County. County Route 52/61 (Railroad Avenue) had just been paved. As claimant proceeded along the narrow road at a speed of about twenty-five to thirty miles per hour in a speed zone of thirty-five miles per hour, she noticed children playing nearby. Claimant was watching the children as she continued along the road when her 1998 Nissan Pulsar suddenly struck a manhole that had not been brought level to the pavement. The manhole was approximately five to six inches deep. Claimant’s vehicle wheel hit and came out of the manhole. When the right, front tire of claimant’s vehicle struck the hole, something hit the engine, causing damage. Claimant never saw the manhole depression. After having her vehicle towed to her home, claimant informed respondent about the manhole. Claimant had only liability insurance coverage on her vehicle, which precluded any reimbursement from her insurance carrier. The estimated damage to claimant’s vehicle was $500.00 for replacement of the motor and motor mount bolts.
Respondent asserts that it is not responsible for the maintenance of the manholes on County route 52/61 (Railroad Avenue). County Route 52/61 (Railroad Avenue) had been grandfathered into the State system during the 1970's . As a result, the utilities are covered under the “Accommodation of Utilities on Highway Right of *31 Way” which made the City of Wayne responsible for the manholes. This situation meant that the series of manholes, including the one in question, that were in the roadway prior to the road being taken into the State system were grandfathered with the exclusion of not having to move the manholes out of the traffic pattern. Consequently, the City of Wayne is obligated to adjust the manhole covers for the drains to the proper level after paving operations are completed by respondent. Respondent also asserts that the paving was performed by a contractor for the State.
The Court, having considered the positions of the respective p arties, has determined that respondent has obligation to inspect and to ascertain that County Route 52/61 (Railroad Avenue)is maintained in a proper manner for the safe and convenient use of the traveling public. This obligation requires respondent to inspect the road after any paving operation in order to determine if any warning signs were necessary. In the instant claim, as respondent’s contractor paved County Route 52/61 (Railroad Avenue) and left manholes unpaved, warning signs apparently were necessary. The failure of respondent’s employees to supervise the road pavement work and to inspect the proper placement of the warning signs constitutes negligence for which claimant may recover her loss.
In view of the foregoing, the Court is of the opinion to and does make an award in the amount of $500.00 to the claimant.
Award of $500.00